IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                   No. CR 11-2860 JB

KEITH MICHAEL COURTNEY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion to Vacate January 14, 2013 Trial Setting, filed January 3, 2013 (Doc. 46). The Court held a hearing on January 4, 2013. The primary issue is whether the Court should vacate and continue the January 14, 2013 trial setting. The Court will grant the motion. The Court finds that, because of the complex matters involved in the case and the defendant's representations that he needs more time to prepare for trial, the ends of justice that would be served by granting the continuance outweigh the interests of the public and of the defendant in holding the trial beginning January 14, 2013.

## FACTUAL BACKGROUND

The Defendant Keith Michael Courtney and co-Defendant Jason Johns have been indicted for wire fraud, and aiding and abetting, associated with transactions that involve complex financial instruments, transactions, records, and activity over the course of nearly one calendar year. Courtney states that, upon information and belief, Plaintiff United States of America investigated this matter for approximately two years before presenting the case to the grand jury. Courtney was part owner of Black Diamond Construction Company, Veritas Mortgage Company, and Polaris Realty, and Johns was a loan officer with Veritas Mortgage. See Indictment ¶ 1-2, at 1,

filed Nov. 11, 2009 (Doc. 2).  The Indictment charges that Courtney and Johns, with intent to defraud, devised a scheme to defraud Aurora Loan Services and Plaza Home Mortgage, and to obtain money, funds and other property from Aurora and Plaza Home Mortgage.  See Indictment ¶ 5, at 1-2.  The United States seeks Courtney's forfeiture of any and all property derived from the proceeds of the scheme, which is alleged to have included the illegal transfer of over $1,500,000.00.  See Indictment at 6-7.

## PROCEDURAL BACKGROUND

An eight-page Indictment was entered on November 9, 2011, charging Courtney and co-Defendant Jason Johns with three counts of wire fraud.  See Indictment at 1-7.  The Indictment also included a separate forfeiture count.  See Indictment at 7-8.  On December 1, 2011, Billy R. Blackburn entered his appearance on Courtney's behalf.  See Entry of Appearance, filed Dec. 1, 2011 (Doc. 10).  On December 1, 2011, an arraignment was held, and Courtney was released on conditions, including reporting to pre-trial services, and permitted to return to his home in the Phoenix, Arizona, area.  See Order Setting Conditions of Release (Doc. 15).

The discovery is voluminous.  Between December, 2011, and April, 2012, Mr. Blackburn received thousands of pages of discovery, including stacks of complex financial and loan documents, several recorded conversations and interviews, and two complete imaged hard drives. See Motion to Vacate January 14, 2013 Trial Setting, filed Jan. 3, 2013 (Doc. 46)("Motion to Vacate").  On June 5, 2012, the Court entered an Order declaring the case complex pursuant to the Speedy Trial Act, 18 U.S.C. SSS 3161(h)(7)(B)(ii).  See Order Declaring Complex Case (Doc. 37).

On June 27, 2012, the Court entered a Scheduling Order.  See Doc. 38.  The Court set

non-standard pretrial deadlines based on the parties' representations. The Court set a Pretrial Conference for January 4, 2013. The Court set the jury selection and trial for January 14, 2013, at 9:00 a.m. on a trailing docket.

During November, 2012, and December, 2012, Mr. Blackburn received additional discovery of approximately 300 pages consisting of internal banking policies and further loan documents. In total, Mr. Blackburn has received twenty compact discs containing several thousands of pages of discovery, as well as two imaged hard discs. See Motion to Vacate ¶ 4, at 1-2.

In his Motion to Vacate, Courtney requests that the Court vacate and continue the trial setting of January 14, 2013. See Motion to Vacate at 1, 4-5. Mr. Blackburn asserts that he has not had the ability to adequately prepare because he has been actively engaged in multiple complex litigation during the same period:

> Mr. Blackburn is a busy sole practitioner with a specialty in criminal defense, particularly in complex litigation. Mr. Blackburn is thus currently involved in several complex matters, including the case entitled United States v. Kasper, et. al., currently pending before the Honorable Martha Vasquez which involves approximately 8 terabytes of discovery information (the equivalent of more than half of the entire collection of the Library of Congress), and the case entitled United States v. Gutierrez, et. al., currently pending before the Honorable William P. Johnson, which involves two separate trials and allegations of tax fraud and fraud relating to governmental contracts arising out of the implementation of the Help America Vote Act. The first trial in the Gutierrez case related to the severed tax fraud charges, began on August 13, 2012, and lasted a full week. The second trial was originally scheduled for October 2012, but was continued on the eve of trial due to a medical emergency of a Co-Defendant's counsel. The Gutierrez trial, which involves multiple defendants and five defense attorneys, is currently scheduled to begin on January 22, 2012, and is expected to last three weeks as over 50 witnesses have been listed on the combined witness lists and thousands of pages of documents have been included as proposed exhibits. As a result, although the parties were fully prepared for trial in October 2012, Mr. Blackburn has been required to extend already limited time and resources to re-prepare for the upcoming second trial in the Gutierrez matter.

Motion to Vacate ¶ 7, at 2-3.  Additionally, Mr. Blackburn states, he recently suffered a broken ankle and several torn ligaments, and, as a result, "his ability to prepare for trial has been significantly hindered."  Motion to Vacate ¶ 8, at 3.  Courtney asserts that he needs the continuance, because, without his attorney being adequately prepared to present a full defense in the matter, the best interests of Courtney, the United States, and the public would suffer.  See Motion to Vacate ¶ 9, at 3-4.  Courtney also represents that the parties remain in discussion whether he will plea to the charges, which would alleviate the need for a trial, and asserts that the Court should therefore continue the trial and allow the parties "to fully exhaust plea discussions."  Motion to Vacate ¶ 10, at 4.

At the Court's hearing on the Motion to Vacate on January 4, 2013, Courtney stated that Mr. Blackburn was unable to adequately prepare for the January 14, 2013 trial date because of his ankle injury, which occurred in October 2012.  See Transcript of Hearing at 7:20-8:5 (Blackburn)(taken Jan. 4, 2012)("Tr.").[1]  Mr. Blackburn's injury was debilitating, as he broke a bone, tore four ligaments in the ankle, and severed ten tendons, and Mr. Blackburn was effectively unable to work while he had a boot on his ankle for ten weeks, and almost through the end of the year, as the doctor cleared him for work just before Christmas.  See Tr. at 8:2-10:16 (Blackburn).  The United States asserted that, although it was sympathetic to Mr. Blackburn's injuries, the case was filed late in 2011, and the trial date has been set since June 2012, at which time almost all of the discovery was already complete.  See Tr. at 15:23-16:16 (Higgins).  The United States also pointed out that this setting is the second time that the United States has prepared for trial, and both

---

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcripts may contain slightly different page and/or line numbers

-4-

times, because Courtney moved for a continuance so close to the trial date, not only had the United States Attorney's Office prepared for trial, but so had the United States government agents on whom the United States Attorney's Office had already served subpoenas.  See Tr. at 17:16-18:2 (Higgins).   The United States stated that, if the Court finds that a continuance is warranted, it is not interested in another status conference and requests that the Court set the trial for the end of February.  See Tr. at 20:3-12 (Higgins).   In response to the Court's inquiry when Courtney could be ready for trial, he stated that, because of trials in other cases for which Mr. Blackburn must prepare, the earliest he could be ready for trial would be the middle of March.  See Tr. at 30:6-19 (Blackburn).   The Court asked the parties whether they would agree to setting a 5-day trial on the Court's trailing docket for March 18, 2013, to which the parties responded that scheduled setting would be agreeable.  See Tr. at 31:21-33:12 (Court, Higgins Blackburn).

## ANALYSIS

Mr. Blackburn has represented to the Court that he is not ready for the trial on January 14, 2013.  In the face of such a statement, it is dangerous for the Court to force Courtney to go to trial that day.   The Court and the United States may be able to quibble with justification that Courtney did not use all of his pre-trial time efficiently, but that issue is largely irrelevant at this stage.   The bottom line is that, today, Courtney is not ready for trial.   To force him to trial, and risk a habeas corpus petition, is not in his or the public's best interests.

Accordingly, after weighing Courtney's and the public's best interests with the ends of justice, the Court finds that granting the continuance will strike a proper balance between the ends of justice and the best interests of the public and the defendant for the reasons stated in the Motion to Vacate, and at the January 4, 2013, hearing.   Specifically, Mr. Blackburn's need for more time

to prepare to present Courtney's defense, for which his broken ankle prevented him from preparing during the last three months of 2012, outweighs Courtney's[2] and the public's interests in a speedy trial. See 18 U.S.C. § 3161(h)(8). Pursuant to the parties' agreement at the hearing, the Court will set the trial for this case for 9:00 a.m. on March 18, 2013, on the Court's trailing docket. This continuance should be sufficient, without being greater than necessary, for Courtney to complete all of the tasks set forth in his Motion to Vacate, and at the January 4, 2013, hearing.

**IT IS ORDERED** that the Defendant's Motion to Vacate January 14, 2013 Trial Setting, filed Jan. 4, 2012 (Doc. 46), is granted. The trial is continued until 9:00 a.m. on March 18, 2013.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
   Unites States Attorney
Mary L. Higgins
   Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Billy R. Blackburn
Paul Linnenburger
Albuquerque, New Mexico

    *Attorneys for the Defendant*

---

[2] Courtney's co-Defendant, Jason Johns, has already pled guilty. See Sealed Plea Agreement, filed Feb. 9, 2012 (Doc. 25). Courtney is thus the only Defendant remaining in the case.